Filed 9/8/23 Borazjoni v. Boostani CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| JOHN BORAZJONI, Plaintiff and Appellant, v. HOOSHANG BOOSTANI, et al. Defendants and Respondents. | B316353 Los Angeles County Super. Ct. No. 18VECV00041 |
| JOHN BORAZJONI, Plaintiff and Appellant, v. HOOSHANG BOOSTANI, Defendant and Respondent. | B322158 Los Angeles County Super. Ct. No. LC106139 |

APPEAL from judgment and order of the Superior Court of Los Angeles County, Huey P. Cotton, Judge.  Affirmed.

John Borazjoni, in pro per, for Plaintiff and Appellant.

No appearance for Defendant and Respondent Hooshang Boostani.

Ecoff Campain Tilles & Kay, Lawrence C. Ecoff, Alberto J. Campain and Kevin Trent Kay for Defendants and Respondents Tannaz Boostani Rezvani and Farbod Rezvani.

_____

In these consolidated cases, John Borazjoni alleged Hooshang Boostani fraudulently transferred his Coldwater Canyon Drive house to his daughter and son-in-law.  The trial court ruled Borazjoni failed to prove his case in a bench trial, and then denied Borazjoni's motion for an order to sell the house.  Borazjoni separately appealed these defeats.  We treat both in one opinion.  We affirm.

I

Borazjoni sued Boostani in 2017 for breach of contract, fraud, and allied claims.  This is trial court case number LC106139.  Borazjoni obtained a default judgment of some $2.8 million  against Boostani in 2018 in that case.

Borazjoni filed a second suit against Boostani in 2018.  This suit is trial court case number 18VECV00041.  This complaint alleged three counts of fraudulent transfer concerning Boostani's house on Coldwater Canyon Drive.  Borazjoni verified this complaint as well.  In addition to Boostani, this complaint named Tannaz Boostani Rezvani and her husband Farbod Rezvani as co-defendants.

2

This complaint alleged that Tannaz Rezvani was Boostani's daughter, and that on May 28, 2013 Boostani had conveyed his Coldwater house to her and her husband to evade Borazjoni's effort to collect on his default judgment.

Case 18VECV00041, the fraudulent transfer matter, went to trial on June 14, 2021. Borazjoni represented himself at this bench trial. On the defense side, attorneys for Tannaz Boostani Rezvani and Farbod Rezvani participated in the trial, but the Rezvanis themselves did not come to court. Borazjoni testified and was cross-examined, and both sides argued. The court announced a verdict against Borazjoni and asked counsel for the Rezvanis to prepare a judgment. The court signed the judgment on August 18, 2021.

In our appeal, case number B316353, Borazjoni complains this fraudulent transfer judgment was in error.

Shifting back to case LC106139, Borazjoni filed an ex parte motion on November 9, 2021 for an order to sell the Coldwater house. He refiled this motion on January 14, 2022. The court denied this motion without prejudice on February 24, 2022. Borazjoni filed additional documents, but the Rezvanis opposed the motion, saying the judgment debtor Boostani did not own the Coldwater house, but rather they did, and they owed Borazjoni nothing. Borazjoni has not included in our record the court's later ruling on his motion to sell the Coldwater house, but evidently it was unfavorable to him, for he has filed an appeal in this case LC106139 as well. Our docket number on this second appeal is B322158.

3

## II

We affirm the trial court.

First we take up Borazjoni's appeal in B316353, which is his case about the alleged fraudulent transfer.

A fraudulent conveyance is a transfer by the debtor of property to a third person undertaken with the intent to prevent a creditor from reaching that interest to satisfy its claim. (*Nautilus, Inc. v. Yang* (2017) 11 Cal.App.5th 33, 39.) The key issue—whether a transfer is made with fraudulent intent—is one we review according to the substantial evidence rule. (*Id.* at p. 40.)

Borazjoni says six errors plague the trial judgment against him.

Error one, Borazjoni asserts, is that the judgment is against the law and the facts. In essence, Borazjoni's argument seeks to retry his case on appeal by explaining his trial proof was strong and he deserved to win.

Whether a conveyance was made with fraudulent intent is a question of fact, and proof often consists of inferences from circumstances surrounding the transfer. (*Filip v. Bucurenciu* (2005) 129 Cal.App.4th 825, 834.)

One important circumstance is whether the person transferring the asset is insolvent. (See Civ. Code § 3439.04, subd. (b)(9).)

Borazjoni failed to prove Boostani was insolvent. Insolvency is presumed when debtors generally are not paying their debts as they become due. (Civ. Code, § 3439.02, subd. (b).) Borazjoni had no evidence that Boostani generally was failing to pay his debts on time. Borazjoni had not deposed Boostani and had no admissible evidence about Boostani's supposed insolvency.

4

To the contrary, at his deposition Borazjoni testified that Boostani was "rich" and drove a Mercedes Benz and a Rolls Royce. In this deposition, Borazjoni also testified Boostani partly owned a pharmacy, which Borazjoni had seen. Boostani had $180,000 in his checking account.

Borazjoni also swore he always thought Boostani could afford to pay the $1.75 million. Indeed, Borazjoni testified he believed Boostani could pay *one hundred times* that sum.

Borazjoni's failure of proof on the insolvency element means he did not establish his case at trial. The statute lists insolvency as a factor the court may consider in determining fraudulent intent. (Civ. Code, § 3439.04, subd. (b)(9).) We defer to the trial court's evaluation of the evidence and uphold its verdict and judgment. Substantial evidence supported the trial court's decision.

Error two, Borazjoni argues, is that the judgment is against the finding at trial. Borazjoni notes the trial court began its oral statement of decision by saying Borazjoni *had* met his burden as to Boostani. In the next sentence, however, the court immediately negated this statement by noting that "[t]he problem is that I'm not sure what you've proven as to Mr. Boostani, except that, as you've just argued, you believe he owns the property." The court's oral statements, read in context and in their entirety, made clear its verdict was for the defendants and against Borazjoni. The written judgment meshed with the full context of the court's oral statements at trial.

Borazjoni complains the court "unwittingly and erroneously" entered judgment for the defendants, and in particular signed a judgment that extinguished the recording of the default judgment against the Coldwater house. This

extinguishing of Borazjoni's recording, however, was the concomitant of the court's ruling that Borazjoni had not proven his fraudulent conveyance case. Borazjoni's default judgment was against Boostani. Once the court had determined this house did *not* belong to Boostani, it was logical to extinguish the recording of a default judgment against a house that did not belong to him. There was no basis for recording any cloud on the title to a house legally unconnected to Borazjoni or Boostani.

Error three, argues Borazjoni, is that the court did not order any defendant to appear at trial. Borazjoni, however, fails to establish he issued a notice to appear or a subpoena for these people. We cannot overturn a judgment in this situation.

Error four concerns Boostani's declaration in the fraudulent conveyance case submitted in opposition to Borazjoni's motion for summary adjudication or summary judgment. Borazjoni condemns this document as unsigned and from a person who defaulted in Borazjoni's breach of contract case. Borazjoni is appealing from his loss after *trial*; any error in his earlier loss of a *summary judgment motion* is now harmless. (See *California Housing Finance Agency v. Hanover/California Mgmt. & Accounting Ctr., Inc.* (2007) 148 Cal.App.4th 682, 688–689.)

Error five is Borazjoni's assertion that the signatures on Tannaz Boostani's declarations "appear" to be forgeries because the signatures are not identical. The trial court rejected this claim when Borazjoni offered no further evidence on this point. The trial court did not err by finding the evidence insufficient to prove forgery.

Error six is about summary judgment documents the court apparently misplaced or lost and then replaced with copies. Borazjoni does not explain how this harmless glitch earlier in the

6

proceedings affected his later trial on the merits. He suggests the documents were "destroyed or stolen" and says "the real question is who [was] behind the illegal action." This charge of a conspiracy within the trial court lacks an evidentiary basis.

We turn now to the appeal in B322158, which attacks the trial court's decision to deny Borazjoni's motion to sell the Coldwater house. Borazjoni offers two arguments on this score. Neither has merit.

First, Borazjoni maintains the denial of his motion to sell the Coldwater house was unjust and was against the law and the facts. This is not so. Borazjoni held a default judgment against Boostani and against no one else. Someone else owned the Coldwater house at the time he requested the order of sale. Borazjoni had no rights against those third parties or their property. Borazjoni had attempted to show the property actually belonged to Boostani by virtue of Boostani's fraudulent conveyance. This theory failed at trial.

Second, Borazjoni argues the trial court erred by considering the opposition to his sale motion filed by Tannaz and Farbod Rezvani: Boostani's daughter and son-in-law. Borazjoni argues that title records show the Coldwater house is held by a Rezvani family LLC and not by Tannaz and Farbod Rezvani personally, and therefore the court should not have considered opposition papers filed by the individuals rather than by their LLC. The key point, however, is that the Coldwater house was not owned by Boostani, who was the only person against whom Borazjoni held a judgment. To satisfy a judgment against Boostani, Borazjoni could not sell property belonging to someone *other than* Boostani. The court's order was proper.

7

In their responsive brief, the Rezvanis move to dismiss the appeal or to strike portions of the Appellant's Appendix and references to the Reporter's Transcript they assert are defective or irregular. Because the Rezvanis have won on the merits, we deny these motions as moot.

## DISPOSITION

We affirm the judgment and order of the trial court and award costs to Tannaz and Farbod Rezvani in appeal B316353.


WILEY, J.


We concur:


STRATTON, P. J.


VIRAMONTES, J.